## No. 32
## FIELDS v. YOUNGSTOWN MUNI. RY.
Ohio Appeals, 7th Dist., Mahoning County
Decided. Oct. 19, 1923

480. EVIDENCE—Doctrine of Res Ipsa Loquitur does not apply, as jury did not find facts to be as alleged—Need not be termed such by name in charge to jury.

FARR, J.

### Epitomized Opinion

Plaintiff Fie'ds brought th's action in the Common Pleas for injuries which she received while a passenger on defendant's street car. She alleged that defendant's car came to a stop, that she arose from her seat to l·ave the car and that the car was then started with a sudden jerk which threw her against the back of a seat with great force. Defendant denied this and alleged that plaintiff arose from her seat with her arms full of bundles before the car came to a stop and through her own negligence fell against a seat as the car was coming to a stop. The jury returned a verdict for defendant. Plaintiff brought error proceedings, contending that the case was one for the doctrine of Res Ipsa Loquitur and that there was error in the charge. Held:

Had plaintiff clearly established that defendant's car, after coming to a stop, started aga'n with a sudden jerk which caused her injury, the maxim Res Ipsa Loquitur would have been applicable. But the jury found against paintiff on this point. Hence the maxim did not apply. The trial court correctly charged the princ'ple that should apply if the jury found the facts to be as plaintiff alleged. There was no error in failing to refer to the doctrine by name. Judgment affirmed.

Attorneys—W. L Countryman, Youngstown, for plaintiff; Kenndy, Manchester, Conroy & Ford, Youngstown, for defendant.

GRAHAM et al v. BERGEN et al, Trustees
Ohio Appeals, 4th Dist., Franklin County
No. 1069. Decided Jan. 9, 1924

309. COSTS—Those of the proceeding, including those of the Special Master and his report, charged to and paid out of the fund in controversy.

BY THE COURT.
### Epitomized Opinion

Counsel for the plaintiff contend that the decision of this court in this case is contrary to the majority opinion inDirlam v. Morrow, 102 OS. 279, and make application for a re-hearing.

· The Court of Appeals says that they considered the briefs upon re-hearing and have re-read the above case and another c'ted, and have given the case careful consideration. That while the case is not free from doubt, it is our best judgment that the former decision be adhered to for the reason therein stated.

·Application has been made, also, for a taxation of all the costs against the fund, including the cost of the special master commission and other costs shown by his report. But we find that the reference to a special master was necessary and proper and the costs thereon was a necessary incident. In view of the doubt in this case, we are of the opinion the usual rule should be followed, and these costs should be taxed as part of the costs and paid out of the fund which is the subject of the controversy. Judgment accordingly.

Attorneys—Henry Williams and M. R. Patterson, Columbus, for Graham et al; Turner & Calland and Henry Gumble, for Berger et al.